**Norman O. BROWN, Plaintiff–Appellant,**

v.

**WISCONSIN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 01–2723.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001 *.

Decided Nov. 28, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before WOOD, Jr., RIPPLE,
WILLIAMS, Circuit Judges.

ORDER

Norman Brown, a state prisoner, brought this action under 42 U.S.C. § 1983 for damages and declaratory relief after he unsuccessfully attempted to enter Wisconsin's "intensive sanctions" program, an alternative to probation or parole that the state runs at less cost than a conventional prison. *See* Wis. Stat. § 301.048; Wis. Admin. Code § DOC 333.01, *et seq.* Mr. Brown alleged that prison officials (1) deprived him of due process when they processed his application to the program without following Department of Corrections procedures; (2) violated his equal protection rights when they considered objections to his application from the prosecutor in his criminal trial but did not consider prosecutors' objections to the other inmates' applications; (3) engaged in ex post facto lawmaking when they suspended transfers to the program shortly after denying his application; and (4) conspired to keep him out of the program. The district court concluded that Mr. Brown's complaint did not state a claim, and we affirm.

As the district court explained, Mr. Brown does not have a due process claim because he does not have a protected liberty or property interest in participating in the intensive sanctions program. Including Mr. Brown in the program lay entirely within the discretion of the Department, *see* Wis. Stat. § 301.048, and excluding him left him in an ordinary prison setting. *See Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Stanley v. Litscher,* 213 F.3d 340, 342 (7th Cir.2000). So, even if prison officials did not follow their own rules when they considered his application, Mr. Brown has no constitutional complaint. *See Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

Likewise, Mr. Brown's allegations of unequal treatment do not raise an equal

protection claim. Neither a fundamental right nor a suspect class is implicated here, so we apply the rational basis standard. *See Vacco v. Quill,* 521 U.S. 793, 799, 117 S.Ct. 2293, 138 L.Ed.2d 834 (1997); *Romer v. Evans,* 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996). Subsection 333.01(1) of the Wisconsin Administrative Code identifies two aims of the intensive sanctions program: cost-effective sentencing and public safety. Both rationally explain why prison officials might consider input from a prosecutor on some applications but not others. *See De-Tomaso v. McGinnis,* 970 F.2d 211, 214 (7th Cir.1992).

■ Mr. Brown also alleges that prison officials enacted an ex post facto law when they suspended transfers into the program. We find this allegation equally without merit. Ex post facto lawmaking occurs when retroactive state action makes a class of prisoners ineligible for early release after they were already eligible. *Lynce v. Mathis,* 519 U.S. 433, 447, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); *Cal. Dep't of Corr. v. Morales,* 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). But Mr. Brown was never in a class of prisoners eligible for early release. At most, he had an opportunity to enter a program that would allow him to be released early, but he never got into the program, and no statute or regulation ever guaranteed him that he would.

■ Finally, Mr. Brown contends that prison officials violated his civil rights by conspiring to keep him out of the intensive sanctions program. To state a claim under § 1983, however, Mr. Brown needed to allege that someone acting under color of state law deprived him of a federal right. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001). Here Mr. Brown has not

successfully pleaded that prison officials deprived him of any federal rights. Absent a violation of Mr. Brown's underlying rights, his conspiracy allegations fail to state a claim as well. *See Indianapolis Minority Contractors Ass'n, Inc. v. Wiley,* 187 F.3d 743, 754 (7th Cir.1999); *Paige v. Police Dep't of Schenectady,* 264 F.3d 197, 200 (2d Cir.2001).

AFFIRMED